Chief Justice Robertson
delivered the Opinion of the Court.
Rachael McGee, claiming as the devisee of Patrick McGee (the junior patentee,) obtained a verdict and judgment in ejectment, for sixty and one-third acres of land, against Levi Carrico and Lewis Edelin, who attempted to defend the possession by shewing a derivation of title from Banks and Stephens, the elder grantees. To reverse that judgment, Carrico and Edelin have appealed, and McGee has prosecuted a writ of error.
The appellants insist that, the circuit court erred to their prejudice, in deciding that they were estopped to set up their title under Banks and Stephens, for sixty and one-third acres, of the hundred acres in contest. And the plaintiff in error complains because the defendants were permitted to defend their possession of the residuary thirty-nine and two-third acres, by relying on a title derived under the elder grant.
It appears very clearly from the proof, that no person claiming under, or connected with, the elder grant had actual possession of any part of the land in contest from about the year 1803 to 1323, when Carrico (claim *6 ing to have bought an interest from Banks, and having failed in efforts to' obtain the possession by force and stratagem,) bought the interests of persons in possession under executory contracts of purchase, made in 1815, with McGee; agreed to abide by their contracts, and thus succeeded them in the possession of the sixty and one-third acres which they had occupied under their contracts with McGee. Upon that point there was na conflicting evidence.
Such entry held to have been • made,by C. under M.’s title;which neither C., nor those claiming under him, can dispute, without restoring the possession
Objected that the jury, not the court, must decide, under what title, a party entered.
The court must decide upon the competency of title papers, and the right to use them, and, incidentally, under what title the party entered.
tobeSvers^as to apart of the ■braced by the proof that the’ claimant had ae ■ quired the possession by contract with his' adversary’s tenants.
*6 The legal deduction from those facts is, that the entry first made must be deemed to have been made under McGee’s title, because, the possession was obtained from his tenants, and in consequence of contracts made with them. Consequently, as to the sixty and one-third acres, (the possession of which had been thus acquired,) neither Carrico nor Edelin (who claims to hold under him,) should be permitted to dispute the title of McGee until after they shall have restored to her the possession.
But the counsellor the appellants argue, that it was the province of the jury, and not of the court, to decide how and under what title Carrico entered. Tt is true that, in determining under what title the entry was made, facts must be considered : but it is equally true, that the court had a right to decide on the competency of the adversary title papers, or on the legal right of the appellants to rely on them ; and, as indispensable to that decision, the court had a right to decide whether the facts proved that,the entry was made under the title of McGee, or of Banks. Hamilton vs. Taylor, Lit. Sel. Cases,. 444. That decision, whether right or wrong, has been re-cognised too often to be now disturbed. Where there are opposing facts as to the mode of entry, that case might not be conclusively applicable. But we are unwilling to withhold its full application to a case in which the tenancy is admitted, or to one in which there is no contrariety of testimony as to the character of the entry as tenant.
But, as there was no proof that the persons from whom Carrico obtained the possession, occupied, or had a right to hold or claim, more than the sixty and one-third acres, his entry upon the residue of the one hundred acres should *7 Be deemed to have been adverse to the right of McGee ; or, at least, there is no proof that it was under her title And consequently, the defendants in error were not precluded from relying on the adverse title, to protect their possession to the extent of the boundary which was not included by the lines bounding the sixty and one third acres.
It seems, therefore, that the circuit court decided correctly.
Wherefore the judgment must be affirmed.